**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL CALHOUN ARRINGTON, individually, and through his next best friend, AURELIA CLEO BATTLE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity; DANIEL PENNINGTON, an individual; RUSS GRAYBILL, an individual; JOHNATHAN JORDAN, an individual; ERIC OLIVE, an individual; CHRISTIAN ARRUE, an individual; AND DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | **CASE NO.CV12-4698 GW(AGRx)**<br>(Assigned to Hon. George Wu)<br><br>**PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION** |

## GOOD CAUSE STATEMENT

WHEREAS, Plaintiff is seeking an audio recording of the communications frequency that Defendant City of Los Angeles ("City") contends contains confidential information, such as information related to other incidents that are not the subject of this matter and information concerning other individuals not involved in this matter that is private and confidential. The City believes that this

confidential and irrelevant information needs special protection from public disclosure and from use for any purpose other than prosecuting this litigation;

WHEREAS, absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment, and professional and legal harm as to the third party individuals referenced in the audio recording.

## **STIPULATION**

Accordingly, the parties stipulate as follows:

1. Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential any communications recordings that they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the material contains confidential or private information. Such recordings may be classified as subject to this protective order by marking the cover of the recording with a watermark that includes words such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect, and that includes the case name and case number. Recordings so designated, and all confidential and private information derived therefrom [hereinafter collectively referred to as "Confidential Material"], shall be treated in accordance with the terms of this Stipulation. In making this designation, the Disclosing Parties are also representing that no portion of the materials is segregable and, therefore, subject to production without restriction as "Confidential."

2. Confidential Material may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. This Stipulation applies not only to the Confidential Material, but also to (1) any information copied or extracted from the Confidential Material; (2) all copies, excerpts, summaries or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Receiving Parties that might reveal Confidential Material.

4. Subject to the further conditions imposed by this Stipulation, the Confidential Material may only be disclosed to the Court and to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Defendants City of Los Angeles and Los Angeles Police Department;

    (c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

    (d) Parties to the litigation;

    (e) Expert witnesses consulted and/or retained for this action; and

    (f) The judge and court personnel, including stenographic reporters.

5. Prior to the disclosure of any Confidential Material to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Material shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Material sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

6. Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction.

Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Material, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

7. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all materials and testimony designated as "Confidential Material" shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Material" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 4. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Material through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Material.

8. If any "Confidential Material" or testimony derived from such materials occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions.

9. An inadvertent failure to designate qualified materials or items does not, standing alone, waive the Disclosing Party's right to secure protection under this Order for such material. Upon being notified of the correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

10. Upon final termination of this litigation, including any appeal pertaining thereto, all materials still classified as Confidential Material at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days.

11. If any Receiving Party who receives Confidential Material is served with a subpoena or other request seeking Confidential Material, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Material sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. The Receiving Party also shall immediately give notice to the party who caused the subpoena or other request to issue that the material is subject to this Order and include a copy of this Order. In no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Material.

12. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain or incorporate Confidential Material shall be filed and maintained in accordance with Local Rule 79-5, which governs the filing of materials under seal. Any other pleadings,

motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Material, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain Confidential Material, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

13. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Material be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise.

14. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Material into evidence.

15. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

16. Any party bound by this Stipulation who contests the confidential nature of recordings produced pursuant to this Stipulation may move the Court for an order to have the recordings removed from the protective order and to have the recordings declared not confidential, or otherwise move to modify the Stipulation as to some or all of the recording.

/ / /

/ / /

///
///
///
///
///

17.  Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

## ATTACHMENT "A"
## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Samuel Calhoun Arrington v. City of Los Angeles, et al.*, United States District Court for the Central District of California, Central Division, Case No. No. CV12-04698 GW (AGRx), and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____    Signed: _____

*IT IS SO ORDERED.*

Dated: October 7, 2016    By: _____
HONORABLE ALICIA G. ROSENBERG
UNITED STATES DISTRICT JUDGE